Okay. Okay. Okay. All persons having business before this, the State Attorney of the United States Court of Appeals for the Second Circuit, Droneer, give your attention and ye shall be heard. Good morning and please be seated. We've got a very long calendar this morning, but I do understand that all counsel are present, and so I'll dispense with the calling of the calendar. Before we proceed to the regular argument calendar, we do have two motions on to be referred to, so we'll hear from each side. May it please the Court, my name is Nicholas Rose, and I am an Assistant United States Attorney for the Southern District of New York. I represent the United States on this appeal, and I represent the United States in the proceeding below. The lower court's grant of the defendant's habeas motion should be summarily reversed. In this case, the Court erroneously concluded that robbery and attempted robbery under New York law did not categorically constitute a violent felony under the Armed Career Criminal Act. In Stoeckling, the Supreme Court ruled otherwise, holding that the term physical force in ACCA encompasses a degree of force necessary to commit common law robbery. As a result, common law robbery categorically qualifies as a predicate felony under ACCA. And this Court, in Thrower, relying on Stoeckling, conclude that New York robbery in every degree, including attempted robbery — And Thrower is the subject of a pending cert petition, is that correct? That's correct, Your Honor. So if the Supreme Court grants that cert petition at its conference on October 1st, then what should we do? Well, Your Honor, for the time being, that's its controlling precedent within the circuit. And it's precedent that this Court has relied on in deciding a number. Wouldn't it be prudent to wait until they decide that? If they can either deny cert, or if they grant cert, then decide the question. But if they grant cert, then it's up for grabs, isn't it? Thrower up for grabs. Well, not necessarily, Your Honor, for two reasons. Number one is there is other controlling precedent within the circuit. Our brief cites — I'm not saying there isn't a controlling precedent. I'm saying in terms of just sound judicial administration, why wouldn't we want to wait to see what the Supreme Court does with a case that raises this very question? Well, the defendant here, who is subject to a mandatory minimum 15-year sentence, was released following the grant of a habeas motion. The government, as expressed through Congress's decision to impose a mandatory minimum sentence here, has a compelling interest in returning this individual to prison. And so that's why it's necessary to act. You're not answering my question, though, in terms of sound judicial administration. You know, the government has an interest in, you know, turning this case around. I understand that. But why wouldn't we want to wait until the Supreme Court decides? What's the difference between now and waiting a month? Well, I think the answer to that, Your Honor, is the countervailing interest is returning this individual to prison as swiftly as possible. And so — But you believe he presents a present threat of either flight or danger to the community? Not necessarily, Your Honor. I think the government's interest, as expressed through the congressional interest in imposing a 15-year mandatory minimum sentence, is having individuals serve out their sentence. This individual — Well, it's a matter of principle, as far as you're concerned. Well, not necessarily just principle. It's by statute, as expressed through congressional intent, there's an interest in returning this person to prison. And unless Your Honors have any other questions, we'll rest on our papers. Thank you. Good morning, Your Honors. The government is asking for an unprecedented relief here. This case deserves full briefing. This Court has not granted summary reversal before. The two cases that the government cites in their reply brief, one of them, there was full briefing. You can pull it up on Westlaw. That's Albert B. Strack. The other one is from 1975. The case doesn't mention summary reversal, and I can't find the briefing underlying it. Well, you're talking about the standard. How about thrower? So if the Supreme Court had not granted or not — had this pending case before it, thrower before it, it would be a very different matter, right? I don't believe so, Your Honor. I agree with Your Honor's concerns that you should wait until the Supreme Court — We're struggling in thrower. They don't help you. That's true. They don't help me, Your Honor. But they also don't foreclose the nonfrivolous issue, and there are also others that I would like to brief in a fully briefed appeal. Thrower decided a narrow question about attempted New York robbery. Just to make sure I understand. So you're saying that you would prefer to go ahead and fully brief, but you're not saying that we shouldn't wait for the cert petition in thrower to be decided and if it's granted for the Supreme Court to render a decision on the merits, right? Yes, Your Honor. Okay. Definitely. The Court should wait until thrower — until the Supreme Court addresses whether or not they're going to consider thrower. And the Court should also grant full briefing in the normal appellate process. That's what this Court's rules or — and precedents require. This Court has not granted summary reversal. Won't you need to do the briefing all over again once there's a decision in thrower? Well, I haven't done any briefing yet, Your Honor. I've done — But if you were to go ahead and, for example, there were a grant and the Supreme Court would wait until the end of the term, presumably you'd have both going on at the same time, unless you're proposing something else. No, Your Honor. I agree with the Court that a stay would be appropriate to see what the Supreme Court does in thrower, but after that, when the Court considers how to decide the motion, I — the Court should deny the motion for summary reversal and grant full briefing so that the Court can consider the issues in the regular appellate process. That's how this Court considers appellate issues. And in this case, it's not a small matter. Mr. Austin is 52 years old. He's been out of prison for 20 months. He's had no difficulty. He's been working and complying with the conditions of his release. So this is not a circumstance where this Court should, for the first time, grant summary reversal. It's the contrary of that. That would be an unprecedented decision by the Court. And there are issues that Mr. Austin should have the opportunity to brief in his appeal, not just the argument about attempt and the statutory elements of attempt, which were not addressed in thrower. Thrower addressed whether or not attempt to use — excuse me, attempt to threaten to use force was sufficient. It didn't address this elements-based approach, which a Connecticut district court has recently upheld in the Connecticut context in Alfonso, and which is being fully briefed by my office in other cases. That is a non-frivolous issue to raise to a panel in a regular appeal. Mr. Austin also has other issues which the government hasn't addressed, for example, the lack of Shepherd documentation, or simply his due process rights not to have his successful rehabilitation upended after a lengthy delay and putting him back in prison. I don't know whether or not we'll prevail on those issues, but they deserve full and regular briefing. This Court should not circumvent that process for Mr. Austin. Finally, just to address the government's assertion that they have a compelling interest here in returning Mr. Austin to prison, even though he has not violated any term of his supervised release, there are many similarly situated people who were released under the ACCA decisions before thrower who were not placed back in prison, and the government didn't appeal their decisions. So this raises a question of arbitrary enforcement. And how long has he been out? Twenty months, Your Honor. Twenty months. It will be two years around Christmas. And he's doing well. He is rehabilitated after about 11 years of incarceration. This is a case that deserves serious consideration and full briefing. Thank you very much. Thank you. We'll reserve decision.